**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| DIANA L. ROLAPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 3:22-cv-565 |
| | ) | |
| WALMART STORES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

Defendant, Walmart, Inc., by and through its attorneys, Rynearson, Suess, Schnurbusch & Champion LLC, remove this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446 upon the following grounds:

**VENUE**

1. There is now commenced and pending in the Circuit Court for the First Judicial Circuit, Williamson County, Illinois, a certain civil action designated as No. 2021-L-143, in which Diana L. Rolape is plaintiff and Walmart, Inc. ("Walmart") is defendant.

2. Defendant removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. § 1446(a) because the original action was filed in Williamson County, Illinois, which is within the Southern District of Illinois.

**DIVERSITY OF CITIZENSHIP**

3. The district courts for the United States have original jurisdiction over this litigation pursuant to 28 U.S.C. § 1332.

4. Complete diversity of citizenship exists between plaintiff and defendant as required by 28 U.S.C. § 1332(a).

5. Plaintiff is now and was at the commencement of this action a citizen of the State of Illinois.

6. Defendant Walmart is now and was at the commencement of this action a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Arkansas. Walmart is a citizen of the States of Delaware and Arkansas.

## AMOUNT IN CONTROVERSY

7. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00 as required by 28 U.S.C. § 1332(a).

8. In her complaint, plaintiff claimed that, as a result of the alleged incident, she "suffered injuries, incurred medical expense, experienced pain, suffering, emotional distress, and temporary disfigurement, and may suffer increased risk of future harm" (Complaint, ¶ 6).

9. Plaintiff's complaint did not allege any specific amount for her damages and provided no other information concerning her injuries, damages, or treatment (Complaint).

10. When the complaint itself does not explicitly establish the amount in controversy, the district court may look outside the pleadings to other evidence of jurisdictional amount in the record to determine if the amount in controversy requirement is met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 515 (7th Cir. 2006) (holding that defendant may establish amount in controversy through interrogatories, contentions, or admissions in state court, calculations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands); *Chase v. Shop "N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427-28 (7th Cir. 1997).

11. On February 23, 2022, counsel for plaintiff served discovery responses and production on defendant's counsel. Plaintiff's discovery responses indicated that plaintiff had sustained diminished cognitive function and psychiatric conditions as a result of the incident. The medical records that she produced with her discovery responses indicated that plaintiff sustained a closed head injury.

12. Plaintiff further disclosed that to date her medical bills total $42,450.67.

13. Defendant had insufficient information to establish that the amount in controversy was in excess of $75,000 before February 23, 2022, because defendant had limited knowledge of plaintiff's claimed injuries, medical bills, treatment, and damages.

14. Based on the alleged past and future medical expenses, past and future pain and suffering, emotional distress, increased risk of future harm past and future medical expenses, $42,450.67 in disclosed medical specials, and the alleged permanency of plaintiff's injuries, defendant asserts to the Court that a preponderance of the evidence known to date establishes that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## TIMELINESS

15. Plaintiff filed the Complaint on October 29, 2021, and served defendant with the Complaint and Summons on November 19, 2021. She served her discovery responses on February 23, 2022, from which defendant discerned that the amount in controversy exceeded $75,000.

16. This notice of removal was filed within thirty days after defendant learned the amount in controversy exceeded $75,000 pursuant to 28 U.S.C. § 1446(b) and within one year after commencement of the action pursuant to 28 U.S.C. § 1446(c).

## NOTICE REQUIREMENTS

17. Written notice of the filing of this removal was given to plaintiff pursuant to 28 U.S.C. § 1446(d).

18. A copy of this notice of removal was filed with the First Judicial Circuit, Williamson County, Illinois, as required by 28 U.S.C. §1446(d).

19. A copy of all process and pleadings were filed contemporaneously with this notice of removal in accordance with 28 U.S.C. §1446(a).

WHEREFORE, defendant, Walmart, Inc., removes this case to the United States District Court for the Southern District of Illinois and hereby requests that the filing of this notice of removal shall effect the removal of said civil action to this Court.

**DEFENDANT DEMANDS TRIAL BY JURY**.

                RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION LLC

By /s/James E. DeFranco
    James E. DeFranco, #6181134
    Nicholas C. Martin, #6324298
    141 Market Place, Suite 104
    Fairview Heights, IL 62208
    (618) 628-2000
    (618) 628-2007 Fax
    jdefranco@rssclaw.com
    nmartin@rssclaw.com
    ATTORNEYS FOR DEFENDANT

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA L. ROLAPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:22-cv-565 |
| ) | |
| WALMART STORES, INC., ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF ST. CLAIR  )

    James E. DeFranco, being duly sworn upon his oath, deposes and states that he is an attorney for defendant herein, that he has read the foregoing Notice for Removal and believes it to be true, and that he makes this affidavit as an agent authorized to execute same on behalf of defendant.

                                  /s/James E. DeFranco
                                  JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of March 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DIANA L. ROLAPE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-565 |
| | ) |
| WALMART STORES, INC., | ) |
| | ) |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

    James E. DeFranco, after being duly sworn upon his oath, deposes and states that he is an attorney for defendant in the above-entitled cause; that on the 18th day of March 2022, he sent by e-mail, a Notice, a copy of which is attached hereto, to counsel for all parties of record in the above-captioned cause, and that attached to said Notice was a copy of the Notice for Removal.

    Affiant further says that on the 18th day of March 2022, a copy of the Notice for Removal filed herein was also electronically filed with Clerk of the First Judicial Circuit Court, Williamson County Courthouse, Illinois.

/s/James E. DeFranco
JAMES E. DeFRANCO

SUBSCRIBED AND SWORN TO before me this 18th day of March 2022.

"OFFICIAL SEAL"
MARIE G. AGNE
NOTARY PUBLIC — STATE OF ILLINOIS
MY COMMISSION EXPIRES SEPT. 17, 2022

/s/Marie G. Agne
NOTARY PUBLIC